UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY, a New York insurance
company,

      Plaintiff,

v.

BRENDA D. FLUSTY and BETTY A.
KRIDER, Co-Personal Representatives of
the Estate of James A. Burgess, Deceased,
BRENDA D. FLUSTY, individually,
THOMAS AUSTIN BURGESS,
individually, and DONNA S. JOHNSON,
formerly known as Donna S. Burgess,
individually,

      Defendants.
_____/

Case No. 07-12560

Honorable Patrick J. Duggan

## OPINION

On June 14, 2007, Metropolitan Life Insurance Company ("MetLife") commenced this action against Brenda D. Flusty and Betty A. Krider, as co-personal representatives of the estate of James A. Burgess, Brenda D. Flusty, individually, Thomas Austin Burgess, and Donna S. Johnson, formerly Donna S. Burgess (collectively "Defendants"). In its Complaint for Declaratory Relief, MetLife seeks a declaratory judgment "confirming that (1) the Employee Retirement Income and Security Act of 1974, as amended, ('ERISA'), 29 U.S.C. §§ 1001-11461, preempts state law, including Orders of the State Probate Court, domestic relations and divorce law, (2) declaring that the divorce provision set forth in the Default Judgment of Divorce terminating the marriage between Donna

Burgess (now known as Donna S. Johnson . . .) and James A. Burgess, does not supersede, revoke or cancel the previous beneficiary designation executed by James A. Burgess in favor of Donna Johnson, and (3) that life insurance benefits under the General Motors Life and Disability Benefits Program . . ., an ERISA-covered employee welfare benefit plan, are properly payable to Donna Johnson in accordance with the latent [*sic*] beneficiary designation on file completed by Decedent James A. Burgess." (Compl. at 1-2.) Defendants concede that the ERISA-regulated life insurance benefits at issue in this case are payable to Donna S. Johnson.

On July 17, 2007, Brenda D. Flusty and Betty A. Krider, as co-personal representatives of the estate of James A. Burgess, Brenda D. Flusty, and Thomas Austin Burgess (collectively "Cross-Plaintiffs") filed a cross-claim against Ms. Johnson asserting "that under Michigan law, after the benefits from an ERISA plan are paid to the named beneficiary, the proceeds or an amount equal to the proceeds, shall be paid to the Estate of the Decedent when the court determines those benefits were waived by the named beneficiary, including by Judgement of Divorce." (Cross-Pls.' Br. at 1.) Presently before this Court are Cross-Plaintiffs' and Ms. Johnson's motions for summary judgment on the issue presented in the cross-claim. This Court held a hearing on the cross-parties' motions on December 17, 2007.

**I.   Background**

The facts of this case are undisputed. As an employee of General Motors Corporation ("GM"), James A. Burgess ("Decedent") participated in an employee welfare benefit plan known as the GM Life and Disability Program (the "Plan"). Under the terms

2

of the Plan, the named beneficiary is entitled to life insurance benefits payable upon the death of the participant. MetLife issued a group policy of insurance to fund the benefits available under the Plan and acted as Plan administrator and fiduciary.

After a prior divorce, Decedent married Ms. Johnson. On November 7, 1989, Decedent changed the beneficiary of his life insurance benefits from his prior wife to Ms. Johnson. Ms. Johnson subsequently filed for a divorce from Decedent. Decedent failed to contest the divorce action filed by Ms. Johnson. On June 23, 1997, the Decedent and Ms. Johnson were divorced pursuant to a Default Judgment of Divorce, which provides in pertinent part:

STATUTORY INSURANCE PROVISION

> IT IS FURTHER ORDERED AND ADJUDGED that any right of either party in any policy or contract of life, endowment or annuity insurance of the other as beneficiary is hereby extinguished unless specifically preserved by this Judgment.[1]

(Cross-Pls.' Mot. Ex. B.) Decedent died on February 5, 2006 without having changed the beneficiary on his life insurance policy. The life insurance benefits under the Plan total $37,500.

On May 16, 2006, MetLife received a claim for the life insurance benefits, dated February 20, 2006, from Brenda D. Flusty, daughter of Decedent and co-personal representative of Decedent's estate. That same day, MetLife received a claim for the life

---

[1]The cross-parties agree that the Default Judgment of Divorce, a state court domestic relations order, does not constitute a qualified domestic relations order ("QDRO") that is expressly exempt from ERISA preemption. *See* 29 U.S.C. § 1056(d)(3).

3

insurance benefits, dated February 17, 2006, from Thomas Austin Burgess, son of the Decedent. On July 31, 2006, MetLife received a claim for life insurance benefits from Ms. Johnson.

On August 7, 2006, MetLife received a letter from Ronald Meiring, counsel for Decedent's estate, stating "that he was filing an action in state court to enjoin Donna Johnson from claiming an interest in the life insurance benefits payable by reason of the death of James A. Burgess and contending that the life insurance benefits should be paid to the Estate." (Compl. ¶ 23.) On October 5, 2006, MetLife received pleadings from the Gladwin County Probate Court, as well as a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") enjoining MetLife from paying the life insurance benefits to the designated beneficiary Ms. Johnson. On October 10, 2006, the UAW, the labor representative for GM employees, requested that MetLife review the claim for life insurance benefits, pursuant to the administrative appeal procedure set forth in the Plan.

Pursuant to the UAW's request, on February 13, 2007, MetLife issued a memorandum reviewing the facts and stating that it had determined that the life insurance benefits are payable to Ms. Johnson, the latest named beneficiary on record. In its memorandum, MetLife states that it sent a letter to Ms. Johnson and Ms. Flusty requesting a unanimous agreement to have the life insurance benefits paid into the Gladwin County Probate Court so that it could decide who should receive the life insurance benefits. The Decedent's estate and children agreed with MetLife's request. As of February 12, 2007, no response was received from Ms. Johnson. In light of the TRO and PI imposed by the Gladwin County Probate Court enjoining MetLife from

4

paying the life insurance benefits to Ms. Johnson, MetLife filed this action requesting the above-mentioned declaratory relief.

## II. Standard of Review

This Court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e)(2) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340

(6th Cir. 1993).

## III. Applicable Law and Analysis

### A. MetLife must pay Ms. Johnson the Life Insurance Benefits Under ERISA

"ERISA requires that a plan administrator discharge his duties 'in accordance with the documents and instruments governing the plan. . . . .'" *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990)(quoting 29 U.S.C. § 1104(a)(1)(D)). The law in the Sixth Circuit is clear: the Plan administrator must pay the named beneficiary on an ERISA-regulated plan the plan benefits. *Cent. States, Se. & Sw. Areas Pension Fund v. Howell*, 227 F.3d 672, 677 (6th Cir. 2000)("[T]he law of this Circuit is clear – the beneficiary card controls whom the plan administrator must pay.")(citing *McMillan*, 913 F.2d at 311-12); *see also Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 420 (6th Cir. 1997); *Hendon v. E.I. Dupont de Nemours & Co.*, No. 96-6233, 1998 U.S. App. LEXIS 7573, at *16 (6th Cir. April 13, 1998); *Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir. 1996). In this case, it is undisputed that the Plan requires MetLife to pay the designated beneficiary on the Plan documents at the time of death. (Compl. Ex. A at 2.) It is also undisputed that Ms. Johnson was the last-named beneficiary on the Plan documents. (Compl. Ex. B at 1.) Moreover, Defendants concede that the Sixth Circuit precedent interpreting ERISA requires that the named beneficiary, in this case Ms. Johnson, be paid the life insurance benefits.[2]

---

[2] Defendants' Answers admit all of allegations in MetLife's Complaint for Declaratory Relief. (*See* Doc. Nos. 3 and 8.)

For the reasons set forth above, this Court determines that Ms. Johnson, the beneficiary of record, is the appropriate and proper beneficiary of the Decedent life insurance benefits under the plan.

A declaratory judgment consistent with this Opinion shall issue.

**B.     The Parties' Cross-Claims**

The parties agree that this Court can and should, exercise supplemental jurisdiction over the respective parties' cross-claims. Cross-Plaintiffs ask this Court to order that Ms. Johnson, upon receipt of the life insurance proceeds from MetLife, pay such proceeds to Cross-Plaintiffs. Cross-Plaintiffs contend that Ms. Johnson expressly waived her right to life insurance benefits when she obtained the default judgment of divorce that she sought. In support of this position, Cross-Plaintiffs point to the specific language in the judgment of divorce that states that "any right of either party in any policy or contract of life . . . insurance of the other as beneficiary is hereby extinguished, unless specifically preserved by this Judgment." (Cross-Pls.' Mot. Ex. B.) Cross-Plaintiffs contend that this is a state law issue governed by the Michigan Supreme Court decision in *Sweebe v. Sweebe*, 474 Mich. 151, 712 N.W. 2d 708 (2006). In *Sweebe*, the Michigan Supreme Court held that "[w]hile a plan administrator is required by ERISA to distribute plan proceeds to the named beneficiary, the named beneficiary can then be found to have waived the right to *retain* those proceeds." *Id.* at 152, 712 N.W.2d at 710 (emphasis added). Although the facts in *Sweebe* are similar to those in this case, *Sweebe* involved a divorce decree that was signed by both parties. The Michigan Supreme Court in *Sweebe* stated:

> Accordingly, while a plan administrator must pay benefits to

7

> the named beneficiary as required by ERISA, this does not
> mean that the named beneficiary cannot waive her interest in
> retaining those proceeds. Once the proceeds are distributed,
> the consensual terms of a prior contractual agreement may
> prevent the named beneficiary from retaining those proceeds.
>
> . . . .
>
> Our decision today holding that a valid waiver is not
> preempted by ERISA and should be enforced is consistent
> with numerous past decision by this Court recognizing that
> parties have a broad freedom to contract.

*Id.* at 156, 712 N.W.2d at 712.

Ms. Johnson contends that *Sweebe* is distinguishable because *Sweebe* involved a consent judgment.[3] This Court rejects Ms. Johnson's attempt at distinguishing between a consent judgment and a default judgment. Counsel for Ms. Johnson acknowledged at the hearing on December 17, 2007, that Ms. Johnson sought the default judgment and that her divorce attorney prepared the language that was inserted in the judgment. In this Court's opinion, Ms. Johnson cannot now contend that she should not be bound by the language in the judgment of divorce, a judgment that she sought and obtained.

Ms. Johnson argues that the statutory insurance provision which contains language that Cross-Plaintiffs contend extinguished Ms. Johnson's rights to any life insurance benefits on any insurance policies of her ex-husband James A. Burgess is language that is

---

[3]The judgment in *Sweebe* provided in relevant part:

> That any interest which either of the parties may now have or
> may have had in any insurance contract or policy, and any
> other interest in any insurance contract or policy of the other
> party, shall be extinguished.

*Id.* at 153, 712 N.W.2d at 710.

required to be in divorce judgments pursuant to Michigan Court Rule 3.211(B)(1) and Michigan Compiled Laws § 552.101. Ms. Johnson is incorrect. Section 552.101 simply requires that "[e]ach judgment of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance . . . ." MICH. COMP. LAWS § 552.101(2). It does not require that the wife extinguish any rights she may have in such policies. *See id.*

Ms. Johnson also contends that Cross-Plaintiffs are not entitled to prevail on their claims because the waiver is only effective if it is "explicit." With reference to the issue of waiver, the Michigan Supreme Court stated:

> [W]aiver is the intentional relinquishment of a known right. It is also well settled that a waiver may be shown by express declarations or by declarations that manifest the party's intent and purpose.
>
> Consistent with other courts that have reviewed this issue and with general contract interpretation principles, the court must examine the language of the waiver provision to determine the intent of the parties and if there was a valid waiver of the rights in question. There is no magic language that must be included to effectively waive a person's interest in plan proceeds. Rather, courts that have examined what constitutes a waiver have consistently stated that a waiver must simply be explicit, voluntary and made in good faith.

*Id.* at 157, 712 N.W. 2d at 712 (citations omitted).

The Michigan Supreme Court further stated:

> "[E]xplicit" means that the divorce decree is not completely silent on the issue of insurance proceeds. However, there are no specific words that must be included. In determining if a waiver exists, a court must determine if a reasonable person would have understood that she was waiving her beneficiary interest in the life insurance policy at issue.

9

*Id.* at 157, 712 N.W. 2d at 712 (citations omitted).

The court in *Sweebe* held that the plaintiff signed a provision in her judgment divorce "in which she extinguished any interest she had or may have had in any insurance contract or policy of the decedent. *Id*. at 157, 712 N.W. 2d at 713. Furthermore, "[u]nder Michigan law, plaintiff validly waived the right to retain the proceeds under the binding judgment of divorce." *Id.* at 158, 712 N.W. 2d at 713. Similarly, the Court finds that under Michigan law Ms. Johnson explicitly waived her right to any of the Decedent's life insurance proceeds when she obtained a divorce judgment that "extinguished" any rights she had in her then husband's life insurance policies.

Having determined that Ms. Johnson explicitly waived her rights to any life insurance benefits of her deceased husband, Cross-Plaintiffs are entitled to the life insurance benefits in dispute. Summary judgment in favor of Cross-Plaintiffs shall be granted and Ms. Johnson's motion for summary judgment shall be denied.

A judgment consistent with this Opinion shall issue.


DATE: January 3, 2008           s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
David M. Davis, Esq.
Brian S. Makaric, Esq.
Jack L. Jaffe, Esq.